| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>MICHAEL D. VANLOCHEM SBN 110068<br>VANLOCHEM & ASSOCIATES LLP<br>6565 SUNSET BLVD., SUITE 422<br>HOLLYWOOD, CA 90028<br>(323)993-0500 TEL<br>(323)993-0501 FAX<br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**DEC 17 2010**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** fortier    **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES DIVISION**

| | |
|---|---|
| In re: ROBERTO LARIOS<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:10-BK-54172-BR<br>CHAPTER 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)**<br><br>DATE: 12/13/2010<br>TIME: 2:00 p.m.<br>COURTROOM: 1668<br>PLACE: 255 East Temple Street<br>Los Angeles, CA 90012 |

**Movant:** DCFS USA LLC

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

1. The Motion affects the following personal property ("Property"):

    ☒ Vehicle *(describe year, manufacturer, type and model)*: 2009 Mercedes C300W

    *Vehicle Identification Number:* WDDGF54X79F240518
    *Location of vehicle (if known):*

    ☐ Equipment *(describe manufacturer, type, and characteristics)*:

    *Serial number(s):*
    *Location (if known):*

---

☐ Other Personal Property *(describe type, identifying information, and location)*:

☐ See Exhibit _____ attached to this Order.

2. The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)

3. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.

   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.

   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

4. ☒ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

5. ☐ Movant shall not repossess the Property before the following date *(specify)*:

6. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

7. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

8. ☒ This Court further orders as follows:
   a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
   c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
   d. ☐ See attached continuation page for additional provisions.

DATED: December 17, 2010

_____
United States Bankruptcy Judge

# ADEQUATE PROTECTION ATTACHMENT

*(This Attachment is the continuation page for Paragraph 7 of the Order on the Motion.)*

The stay shall remain in effect subject to the following terms and conditions:

1. ☐ The Debtor(s) tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor(s) shall make regular monthly payments in the amount of $_____ commencing _____. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder shall be paid to Movant at the following address:

3. ☐ The Debtor(s) shall cure the postpetition default computed through _____ in the sum of $_____ as follows:

    a. ☐ In equal monthly installments of $_____ each commencing _____ and continuing thereafter through and including _____,

    b. ☐ By paying the sum of $_____ on or before _____,

    c. ☐ By paying the sum of $_____ on or before _____,

    d. ☐ By paying the sum of $_____ on or before _____,

    e. ☐ Other:

4. ☒ The Debtor(s) shall maintain insurance coverage on the property and shall remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor(s) shall file a Disclosure Statement and Plan on or before *(specify date)*: _____
   Disclosure Statement shall be approved on or before *(specify date)*: _____
   The Plan shall be confirmed on or before *(specify date)*: _____

6. ☒ Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor(s), and any attorney for Debtor(s). If Debtor(s) fails to cure the default within 14 days after service of such written notice, plus 3 additional days unless the written notice of default was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B):

    a. ☒ The stay shall automatically terminate without further notice, hearing or order.

    b. ☐ Movant may file and serve declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.

    d. ☐ The Movant may move for relief from the stay on regular notice.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*    Page 3    **F 4001-1.ORDER.PP**

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor(s) shall be entitled to a maximum of two (2) notices of default and opportunities to cure pursuant to the preceding paragraph.  Once a Debtor(s) has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant shall be relieved of any obligation to serve additional notices of default and provide additional opportunities to cure.  If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor(s) with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's (s') failures to perform hereunder, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing.

8. ☒ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor(s).

9. ☒ If Movant obtains relief from stay based on Debtor's(s') defaults hereunder, the order granting that relief shall contain a waiver of the 14-day stay created by FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

11. ☐ Other *(specify)*:

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
6565 Sunset Boulevard, Suite 422, Hollywood, CA 90028

A true and correct copy of the foregoing document described **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On December 16, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Mr. Roberto Larios
275 South Oak Knoll Ave., #10
Pasadena, CA 91101

Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 16, 2010 | Jose Anguiano | /s/ Jose Anguiano |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 16, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Chapter 7 Trustee:   jrund@ecf.epiqsystems.com
United States Trustee (Los Angeles):   ustpregion16.la.ecf@usdoj.gov
Michael D. Vanlochem:   janguiano@vandc.net
Mr. Nicholas S. Nassif: nassif@pacbell.net

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Mr. Roberto Larios
275 South Oak Knoll Ave., #10
Pasadena, CA 91101

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page